UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| KIMBERLY APRIL, | ) |
| Plaintiff, | ) ) ) CIVIL COMPLAINT |
| v. | ) Case No. 1:21-cv-226 ) |
| AA RECOVERY SOLUTIONS INC. and UHG I LLC, | ) ) ) **JURY DEMAND** |
| Defendants. | ) ) |

## COMPLAINT

Now comes KIMBERLY APRIL ("Plaintiff"), complaining as to AA RECOVERY SOLUTIONS INC. ("AARS") and UHG I LLC (collectively, "Defendants").

### NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides within this District.

### PARTIES

4. Plaintiff is a natural person residing in Illinois.

5. Defendant AARS is a New York limited liability company with its principal place of business in or around Williamsville, New York.

[ 1 ]

6. Defendant AARS is a third-party debt collector whose primary purpose is the collection of defaulted consumer debts.

7. Defendant UHG I LLC is a Delaware limited liability company with its principal place of business in this District. Defendant UHG I LLC is a purchaser of defaulted consumer accounts.

8. Defendant UHG I LLC has, as its sole business purpose, the collection of those defaulted consumer accounts.

## BACKGROUND

9. On or about July 30, 2018, Plaintiff obtained a personal line of credit from "NetCredit."

10. Plaintiff used this account for personal and household purposes, such as paying bills and buying groceries.

11. Plaintiff did not use this account for any business or commercial purposes.

12. Plaintiff defaulted on the account.

13. The account was charged off on or about April 22, 2019.

14. After Plaintiff had defaulted, upon information and belief, the account was sold to Defendant UHG I LLC.

15. Upon information and belief, Defendant UHG I LLC then hired Defendant AARS to collect upon the account.

16. Upon information and belief, the contract between Defendant UHG I LLC and Defendant AARS, establishes a principal-agent relationship with UHG I LLC being the principal and AARS being the agent.

[ 2 ]

17. According to Defendant UHG I LLC's website, "We are active participants of the receivables management industry and we strive to provide compliant solutions, exceeding compliance requirements and consumer expectations. Many financial institutions select United Holding Group as a partner because of our unparalleled commitment to compliance. Our compliant approach to receivables management has made us a valuable solution for creditors to divest of portfolios."

18. Upon information and belief, Defendant UHG I LLC retained the right to control Defendant AARS's collection activities, including (but not limited to) by doing the following:

    a. Reserving the right to "recall" debts placed with AARS at any time, especially in the event that AARS fails to comply with federal or state laws;

    b. Requiring AARS to maintain a compliance management system ("CMS") that meets UHG I LLC's reasonable expectations;

    c. Requiring AARS to maintain recordings of its telephone calls with consumers; and

    d. Requiring AARS to notify UHG I LLC of consumer complaints and lawsuits.

19. Although Defendant UHG I LLC had the right to control Defendant AARS's actions, it failed to prevent AARS from taking the actions described in this Complaint.

20. In fact, Defendant UHG I LLC almost exclusively hires third-party debt collectors that it knows regularly violate the FDCPA.

21. On information, reference, and belief, Defendant UHG I LLC knew that AARS regularly violates the FDCPA.

22. Defendant UHG I LLC knew or should have known of the numerous complaints that consumers have lodged with the Consumer Financial Protection Bureau ("CFPB") for taking actions such as:

    a. Yelling at a consumer for being "stupid" and falsely claiming that AARS had been "retained to pursue" all a debtor's legal assets (Complaint No. 3509128);

    b. Threatening to contact someone or to share information improperly about the consumer's debts (Complaint No. 3456745);

    c. Falsely claiming to be an employer seeking references when contacting third parties (Complaint No. 3445748);

    d. Falsely threatening to garnish wages and to "call your employer as many times as we want" (Complaint No. 3444040);

    e. Improperly contacting a third party and providing full details about the debt owed (Complaint No. 3330181); and

    f. Falsely claiming that AARS would come "to my home that day to deliver papers" (Complaint No. 3317981);

23. By February 2020, the CFPB had received at least seventeen consumer complaints regarding Defendant AARS, and many of them for the worst kinds of FDCPA violations.

24. Any reasonable person would, upon doing the most basic due diligence, realize that Defendant AARS is not FDCPA compliant and that any consumers whose accounts are referred to AARS will, as a moral certainty, experience FDCPA violations.

25. On information and belief, Defendant UHG I LLC prefers to hire debt collectors that it knows commit these types of FDCPA violations because this increases its return on investment.

26. In about February 2020, Defendant AARS began to collect upon the account.

27. Defendant AARS called the father of Plaintiff's daughter, who is not Plaintiff's spouse, and disclosed the existence of the debt.

28. Defendant AARS further told the father of Plaintiff's daughter that Plaintiff "went bankrupt."

29. This caused Plaintiff great embarrassment, which Defendant AARS seized upon to further its collection efforts.

30. On February 10, 2020, Defendant AARS left the following voicemail:

> Kimberly April, the case starts off with collateral and verification on your credit, so when we check that I want you to give us a call back and set up one of the resolutions here.  Obviously, Rubin Spokes does not want any more calls on this situation.  So, please call 888-949-9262.

31. The message did not provide any meaningful identification of Defendant AARS.

32. Further, there was no "case" against Plaintiff.

33. Further, AARS's message implied that AARS would continue calling third parties and harassing them to pressure Plaintiff into paying on the account.

34. On or about February 18, 2020, Defendant AARS placed three back-to-back calls to Plaintiff from 9:16 A.M. to 9:17 A.M.

35. This caused Plaintiff's phone to ring continuously.

36. On or about February 18, 2020, Defendant AARS left the following voicemail for Plaintiff:

> Kimberly April or Rubin Spokes, this is the Office of Joseph Manning. I have the last four of the social for Kimberly April, 4259. A final verification of employment has taken place through the State of Illinois through Northwestern Memorial Hospital on Case 1008103. And this case, it has been deemed cost productive for an attachment. If you have any questions, please call 888-949-9262.

37. There was, however, no "case" against Plaintiff.

38. Further, the phrase "the Office of Joseph Manning" was insufficient to properly identify Defendant AARS.

39. Further, the case had not been deemed "cost productive for an attachment."

40. AARS had no intention or legal ability to attach Plaintiff's property.

41. Plaintiff called Defendant AARS and spoke to an individual going by the name of "Mr. Manning."

42. Mr. Manning made the following statements to Plaintiff: "We will pursue legal action against you," and "We will get a judgment against you."

43. Mr. Manning, however, is not an attorney.

44. Defendant AARS had no intention or ability to sue Plaintiff or to obtain a judgment against her.

45. Lastly, Plaintiff did not receive, and on information and belief, neither Defendant sent, any notice of rights to Plaintiff.

46. The actions taken by Defendant AARS above violated Plaintiff's rights under the FDCPA; caused her stress and anxiety, including but not limited to familial stress; invaded her privacy; caused her to lose rights under the FDCPA by not asserting them; interfered with her use and enjoyment of her cellular telephone; caused her worry and confusion; and caused her to fear events that would not happen and that Defendant AARS had no true intention or ability to bring about.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff realleges the paragraphs above as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

49. Defendant AARS is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

50. In the alternative, Defendant AARS is a "debt collector[s]" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

51. Defendant UHG I LLC is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. Specifically, Plaintiff states that the sole purpose of UHG I LLC is to purchase portfolios of defaulted consumer debts and to collect those debts.

52. Defendant AARS violated 15 U.S.C. § 1692 in the following ways:

   a. Communicating with a third party regarding Plaintiff's debt, without Plaintiff's consent, in violation of § 1692b and § 1692c;

   b. Causing Plaintiff's phone to ring continuously with the intent to harass or abuse Plaintiff, in violation of § 1692d(5);

   c. Failing to meaningfully identify itself in its telephone calls to Plaintiff, in violation of § 1692d generally and § 1692d(6);

   d. Falsely threatening to attach Plaintiff's property; to continue calling third parties in violation of the FDCPA; to sue Plaintiff; and to obtain a judgment against her, in violation of § 1692e(5);

   e. Failing to specify, in its initial communication with Plaintiff, that AARS was a debt collector, that AARS was attempting to collect a debt, and that any information obtained would be used for that purpose in violation of § 1692e(11);

   f. Using the name "Office of Joseph Manning" rather than AARS's true name, in violation of § 1692e(14);

    g. Falsely representing that Plaintiff had been selected for an "attachment" of property, in violation of § 1692f(6);

    h. Failing to send the required written notice of debt collection under § 1692g(a);

    i. Engaging in a campaign of harassment during the 30-day period following the initial communication designed to overshadow or be inconsistent with Plaintiff's right to dispute the debt, including threatening to sue Plaintiff and to harass third parties, in violation of § 1692g(b).

53. Defendant AARS is directly and/or vicariously liable for the actions of its employees.

54. Defendant UHG I LLC is liable under the FDCPA because it is a debt collector, and is therefore responsible for Defendant AARS's actions taken on its behalf to collect its debts. *See Barbato v. Greystone All., LLC*, 916 F.3d 260, 261 (3d Cir. 2019) ("[A]n entity that otherwise meets the 'principal purpose' definition cannot avoid the dictates of the FDCPA merely by hiring a third party to do its collecting."); *see also Mullery v. JTM Capital Mgmt., Ltd. Liab. Co.*, No. 18-CV-549, 2019 U.S. Dist. LEXIS 83139, at *9 (W.D.N.Y. May 16, 2019).

55. Further, Defendant UHG I LLC is vicariously liable for Defendant AARS's actions under traditional agency principles, as Defendant UHG I LLC is the principal and Defendant AARS is the agent, and the latter's actions were taken within the scope of the agency relationship.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff the costs of this action and any other appropriate relief.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated: February 8, 2021

<u>By: s/ Jonathan Hilton</u>

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Plaintiff*